

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★   ★   ★                                                        ★   ★   ★

# MEMORANDUM OPINION

No. 04-08-00731-CR

Najib Hasim **MUNIR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-1366
Honorable Bert Richardson, Judge Presiding

PER CURIAM

Sitting:     Alma L. López, Chief Justice
            Catherine Stone, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   November 12, 2008

DISMISSED

     Najib Munir pleaded nolo contendere to a felony pursuant to a plea bargain agreement. As part of the plea bargain, Munir signed a waiver of his right to appeal. The trial court imposed sentence in accordance with the agreement and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Munir timely filed

a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave Munir notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Munir's appointed appellate counsel filed a written response, stating she has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that Munir does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish